**FILED**
CHARLOTTE, N. C.

AUG   2 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

Civil Action No. 3:05-cv-345

| | |
|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA UTILITIES ) | **TEMPORARY RESTRAINING ORDER** |
| COMMISSION; JO ANNE SANFORD, ) | |
| Chairman; ROBERT K. KOGER, ) | |
| Commissioner; ROBERT V. OWENS, JR., ) | |
| Commissioner; SAM J. ERVIN, IV, ) | |
| Commissioner; LORINZO L. JOYNER, ) | |
| Commissioner; JAMES Y. KERR, II, ) | |
| Commissioner; and HOWARD N. LEE, ) | |
| Commissioner (in their official capacities as ) | |
| Commissioners of the North Carolina ) | |
| Utilities Commission), ) | |
| ) | |
| Defendants. ) | |

BellSouth Telecommunications, Inc. v. North Carolina Utilities Commission et al          Doc. 13

This matter is before the Court upon the Motion of Plaintiff BellSouth Telecommunications, Inc. (hereinafter "BellSouth") for a Temporary Restraining Order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. It appearing to the Court that the Complaint, Motion, brief, and material supporting BellSouth's Motion have been duly filed and served upon the Defendants as well as on the General Counsel of the North Carolina Utilities Commission, providing notice of these proceedings and of the intent to seek a temporary restraining order, the Court has reviewed the Complaint, Motion, brief, supporting affidavits, as well as the exhibits attached thereto, and upon good cause shown, finds that unless this temporary restraining order is entered, BellSouth will suffer irreparable harm, including

incalculable costs, competitive disadvantages, damage to goodwill, and marketing potential, constituting irreparable harm, before the matter can be heard on BellSouth's motion for a preliminary injunction. This Temporary Restraining Order sought by BellSouth is otherwise necessary and proper to preserve the *status quo ante* while issues raised by the Complaint for decision by this Court are considered and decided. This Court finds further that this Temporary Restraining Order is proper in light of the balance between the harm that denying injunctive relief will inflict upon BellSouth and the harm that granting the injunction may inflict on any other party, the likelihood of BellSouth's success on the merits, and the public interest in avoiding consumer confusion and potential marketing dislocation.

With regard to the security bond required pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, this Court exercises its discretionary power to waive the bond because the solvency of the movant is undisputed. Given the substantial assets and financial stability of BellSouth, this court finds that no parties are in danger of being unable to collect amounts that BellSouth would be required to pay if this temporary restraining order were denied; accordingly,

**IT IS HEREBY ORDERED** that Defendants the North Carolina Utilities Commission and, in their official capacities, the following Commissioners: Jo Anne Sanford; Robert K. Koger; Robert V. Owens, Jr.; Sam J. Ervin, IV; Lorinzo L. Joyner; James Y. Kerr, II; and Howard N. Lee, be, and hereby are temporarily enjoined and restrained from enforcing Conclusion No. 5 of the Commission's December 22, 2004 Order Ruling on Motion Regarding Promotions, *In the Matter of Implementation of Session Law 2003-91, Senate Bill 814 Titled "An Act to Clarify The Law Regarding Competitive and Deregulated Offerings of Telecommunications Services"*, Docket No. P-100, Sub-72b as well as the Commission's Conclusions regarding Resale Obligations and One-Time Gift Promotions in its June 3, 2005

2

Order Clarifying Ruling on Promotions and Denying Motions for Reconsideration and Stay, *In the Matter of Implementation of Session Law 2003-91, Senate Bill 814 Titled "An Act to Clarify The Law Regarding Competitive and Deregulated Offerings of Telecommunications Services"*, Docket No. P-100, Sub-72b (pp. 5-7, therein).

This Temporary Restraining Order shall remain in full force and effect until the _12th_ day of _August_, 2005, at _11:00_ a.m./~~p.m.~~ unless extended for a longer time by consent or for good cause shown.

**IT IS FURTHER ORDERED** that no bond by BellSouth is required as security for this temporary restraining order.

**IT IS FURTHER ORDERED** that service of a copy of this Order, BellSouth's Complaint, brief, supporting affidavits, and exhibits shall be served upon Defendants.

**IT IS FURTHER ORDERED** that the hearing on BellSouth's motion for Preliminary Injunction is set for the _11th_ day of _Aug_, 2005, at _2:00_ a.m./p.m. to be held in Courtroom _3_ at the Federal Courthouse, Charlotte, North Carolina, at which time Defendants shall appear and show cause, if any there be, why the preliminary injunctive relief requested by BellSouth should not be granted.

**IT IS SO ORDERED.**

_Graham C. Mullen_
United States District Court Judge, Presiding

Date: _2 Aug 05_
_3:25 PM_

3