UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-345-MU

| | |
|---|---|
| BELLSOUTH ) | |
| TELECOMMUNICATIONS, INC., ) | |
| ) | |
|        Plaintiff, ) | |
|    v. ) | |
| ) | |
| NORTH CAROLINA UTILITIES ) | |
| COMMISSION; JO ANNE SANFORD, ) | |
| Chairman; ROBERT K. KOGER, ) | **ORDER** |
| Commissioner; ROBERT V. OWENS, ) | |
| JR., Commissioner; SAM J. ERVIN, ) | |
| IV, Commissioner; LORINZO L. ) | |
| JOYNER, Commissioner; JAMES Y. ) | |
| KERR, II, Commissioner; and ) | |
| HOWARD N. LEE, Commissioner ) | |
| (in their official capacities as ) | |
| Commissioners of the North Carolina ) | |
| Utilities Commission), ) | |
| ) | |
|        Defendants. ) | |
| _____ ) | |

     This matter is before the Court upon the Defendant Commissioners' Motion to Extend

Time for Hearing on Plaintiff's Motion for Preliminary Injunction [file doc. unknown] and the

Defendant Commissioners' Motion to Dismiss for Improper Venue [file doc. 14].  Plaintiff

Bellsouth Telecommunications, Inc. ("Bellsouth") has filed a Response in Opposition to the

Commissioners' Motion to Extend the Time for the Hearing and a Response in Opposition to the

Commissioners' Motion to Dismiss for Improper Venue.  Accordingly, these Motions are ripe for

the Court's consideration.  For the reasons stated below, the Court will **DENY** the

Commissioners' Motion to Extend Time and **DENY** the Commissioners' Motion to Dismiss for

Improper Venue, although the Court notes for the parties that it is still considering the issue of

whether this matter should be *transferred* due to improper venue.

## MOTION TO EXTEND TIME

Having considered the Defendant Commissioners' arguments for seeking to continue the hearing scheduled for August 11, 2005 at 2:00 p.m., the Court has determined that good cause has not been shown to delay this matter.  The Court, however, does extend its sympathies to defense counsel for the death of her father-in-law.  While this unfortunate event did likely cause defense counsel to be out of the office during the week of August 1, 2005, the Court notes that since that time Ms. Force has been able to file three motions in this action.  Accordingly, significant time has been available to devote to this matter and the defense was entitled to make its own tactical decision as to how and on what issues that time should be focused.  For the reasons stated here, Defendant Commissioners' Motion to Extend Time is **denied**.

## MOTION TO DISMISS FOR IMPROPER VENUE

Defendant Commissioners' have moved to dismiss this action, while also conceding that the action could be transferred to the Eastern District of North Carolina.  (Defs.' Mem. at 3-4.) In response to this Motion, the Court is preliminarily **denying** the Motion to Dismiss while still considering the possibility of transferring this matter to the Eastern District of North Carolina. The Commissioners have emphasized the language of 28 U.S.C. § 1406(a) to highlight that a district court *shall dismiss* a case where venue is improper.  This reading is somewhat overstated and, as other courts have found, "[i]n addressing the issue of proper venue in the context of a possible dismissal of the action, the 'usual procedure should be transfer rather than dismissal.'" *Davis Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) (citations omitted).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Commissioners' Motion to Extend Time for Hearing on Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Commissioners' Motion to Dismiss for Improper Venue is **DENIED**, however the Court is still considering whether this matter would be properly transferred to another venue.

**Signed: August 11, 2005**

Graham C. Mullen
Chief United States District Judge