IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV345-MU

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| NORTH CAROLINA UTILITIES COMMISSION; JO ANNE SANFORD, Chairman; ROBERT K. KOGER, Commissioner; ROBERT V. OWENS, JR., Commissioner; SAM J. ERVIN, IV, Commissioner; LORINZO L. JOYNER, Commissioner; JAMES Y. KERR, II, Commissioner; and HOWARD N. LEE, Commissioner (in their official capacities as Commissioners of the North Carolina Utilities Commission), | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon a Motion to Intervene filed by Image Access, Inc. d/b/a NewPhone ("NewPhone") pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure.

BellSouth filed this lawsuit seeking to overturn two orders[1] of the North Carolina Utilities Commission (the "Commission") in which the Commission concluded that BellSouth's offer of a certain Cash Back Promotion to its end user subscribers effectively lowered the retail rate for telecommunications services BellSouth provides to its subscribers below the tariffed retail rate

---

[1] Specifically, BellSouth seeks both a declaratory judgment that the Commission's orders violate the Telecommunications Act of 1996 and an order enjoining their enforcement.

1

that BellSouth was required to make available for resale by competitive local providers ("CLPs"). NewPhone is a CLP who has an Interconnection Agreement with BellSouth.

NewPhone seeks to intervene in this suit as of right, and alternatively, to intervene on the basis of the court's discretion. Intervention as of right pursuant to Rule 24(a)(2) requires that the moving party show "that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981). BellSouth contends that NewPhone has failed to meet its burden as to the third element, as NewPhone has failed to establish that the Commissioners will not adequately represent its interests in this lawsuit. NewPhone contends that the Commissioners cannot adequately represent its interests because the interests of the Commissioners are much broader and encompass the interests of all citizens of the State of North Carolina. In support of its position, NewPhone cites the Fourth Circuit case of Sierra Club v. South Carolina, 945 F.2d 776 (4th Cir. 1991). In Sierra Club, the Fourth Circuit reversed the district court's denial of a motion to intervene by the Sierra Club, who sought to intervene in a lawsuit involving the enforcement of state pollution regulations on two owners of hazardous waste treatment facilities. The Fourth Circuit held in that case that the South Carolina Department of Health and Environmental Control and the Sierra Club had interests that may converge on some issues, but could potentially diverge on other issues such as the weight to be placed on the public interest at stake in the outcome of the lawsuit. NewPhone suggests a broad reading of the Sierra Club case such that a

public body may never adequately represent the interests of a private entity due to considerations inherent in a public office.

The court has reviewed <u>Sierra Club</u>, and concludes that it does not compel the court to allow intervention as a matter of right in this case. The dispute herein is much simpler and presents none of the potential for divergent positions between NewPhone and the Commission that concerned the Fourth Circuit in Sierra Club. There are no competing legal interests or procedural matters on which the approaches of the Commissioners and NewPhone might diverge. The sole legal issue that remains for this court to decide in this case is whether the Commissioners properly interpreted the Act when they issued the two orders that BellSouth has challenged. The Commissioners have defended their decision as a proper interpretation of the law and NewPhone would take the exact same position. Because the positions of the Commissioners and NewPhone are aligned completely, the Commissioners will be able to adequately represent NewPhone's interests.

NewPhone has moved in the alternative for permissive intervention pursuant to Rule 24(b). The relevant inquiry is whether the proposed intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). The court finds that allowing NewPhone to intervene would result in unwarranted duplication of proceedings, delay, and increased costs to the administration of these proceedings and to the parties. Therefore, in its broad discretion, the court will deny NewPhone's motion for permissive intervention.

IT IS THEREFORE ORDERED that NewPhone's Motion to Intervene is hereby DENIED;

IT IS FURTHER ORDERED that BellSouth's Motion for Leave to File a Surreply Brief

is DENIED AS MOOT; and

IT IS FURTHER ORDERED that the parties are hereby directed to provide a written status report to the court within ten days of the date of entry of this Order, informing the court as to whether this matter is ready to proceed to a bench trial.

**Signed: January 13, 2006**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge